# In the United States District Court
## for the District of Utah, Central Division

| | |
|---|---|
| Louis Joseph Malek, <br><br> Plaintiff, <br><br> vs. <br><br> Joe Wheeler et al. <br><br> Defendants. | **ORDER DENYING RECONSIDERATION, AND RETROACTIVITY OF SUPREME COURT DECISION** <br><br> Case No. 2:03cv1055 <br><br> Judge J. Thomas Greene |

Plaintiff, Louis Joseph Malek ("Malek"), an inmate at the Utah State Prison, has filed a Motion for Reconsideration relative to this Court's Memorandum Decision and Order dismissing his Section 2255 Motion filed over three years ago. The question propounded by Malek implicates the doctrine of retroactivity, a millennium old legal principle[1] which has recently become, in the words of Justice O'Connor, "hopelessly muddied," *Harper v. Virginia Dep't of Taxation*, 500 U.S. 84, 113 (1993)(O'Connor, J., dissenting). It has also been characterized as "[o]ne of the most complicated questions created by legal change [to wit, a Supreme Court decision changing previously established law]." Jill E. Fisch, *Retroactivity and Legal Change: An Equilibrium Approach*, 110 HARV. L. REV. 1056, 1056 (1993). *See also United States v. Rivera-Nevarez*, 418 F.3d 1104, 1106 (10th Cir. 2005).

---

[1] *See Kuhn v. Fairmont Coal Co.*, 215 U.S. 349, 372 (1910)(Holmes, J., dissenting)("Judicial decisions have had retrospective operation for near a thousand years.").

In the instant Motion, Malek argues that the recent United States Supreme Court decision in *Jones v. Bock, Warden, et. al.*, 127 U.S. 910 (2007) – which held that section 1997e(a) of the Prisoner Reform Litigation Act of 1995 ("PLRA")[2] does not require "total exhaustion" of all asserted administrative claims -- obligates this Court to reconsider it's prior Order of dismissal. That Order was based upon the "total exhaustion rule," which required exhaustion of all administrative claims as a condition precedent to presentment of a civil action in federal court. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-89 (10th Cir. 2004); *see also Malek v. Wheeler*, Case No. 2:03cv1055 JTG (May 11, 2004)(Hereinafter referred to as "Malek Dismissal Order," attached hereto for convenience in reference).

After careful and deliberate consideration, this Court concludes that petitioner fails to articulate sufficient grounds to justify reconsideration.  Accordingly, Malek's Motion for Reconsideration is **DENIED**.

FACTUAL BACKGROUND

In 2003, Malek filed a *pro se* civil rights Complaint with this Court under 42 U.S.C. § 1983, alleging a host of "mail problems" which purportedly occurred during Malek's incarceration.  *See* Malek Dismissal Order.   Because Malek had failed to exhaust all of his grievances on all of his claims through the proper administrative channels prior to initiating suit, this Court dismissed, <u>without prejudice</u>, Malek's entire Complaint pursuant to the "total exhaustion rule," as articulated by the Tenth Circuit in *Ross*, 365 F.3d at 1188-89 (10th Cir. 2004).  Malek did not re-file or otherwise take steps to preserve his Complaint, even as to claims he had exhausted.  Also, Malek did not file an appeal or take action of any kind until after the

---

[2] 110 Stat. 1321-71, as amended, 42 U.S.C. §1997e *et seq*.

Supreme Court handed down the *Jones* decision, *supra*.

Some three years after this Court's Malek Dismissal Order, the Supreme Court in *Jones*

held, among other things, that under section 1997e(a) of the PLRA, a Court may not dismiss the

entire Complaint of a prisoner because *some* of her claims had not been exhausted

administratively. *Id.* at 924. Instead, the *Jones* court held that lower courts must adopt a "claim

by claim" approach to PLRA complaints, dismissing only those specific claims which were not

exhausted administratively. *Id.*

In light of the *Jones* decision, Malek filed the instant Motion for Reconsideration on June

29, 2007. Malek asserts that because this Court footed its prior May 11, 2004 Malek Dismissal

Order on the "total exhaustion rule," this Court must now reconsider it's decision to dismiss

Malek's Complaint. This because the Supreme Court in *Jones* allegedly overruled the Tenth

Circuit's decision in *Ross*, *supra*, which case was followed and relied upon by this Court in the

Malek Dismissal Order.

ANALYSIS

We treat Malek's Motion for Reconsideration as one to Amend a Judgment under FED. R.

CIV. P. 60 (b),[3] which, in pertinent part, reads:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal
> representative from a final judgment, order, or proceeding for the following reasons: (1)
> mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...(3)
> fraud ...; (4) the judgment is void; (5) the judgment has been satisfied, released, or
> discharged, or a prior judgment upon which it is based has been reversed or otherwise
> vacated, or it is no longer equitable that the judgment should have prospective
> application; or (6) any other reason justifying relief from the operation of the judgment.
> The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not
> more than one year after the judgment, order, or proceeding was entered or taken.

---

[3] *See, e.g., Weitz v. Lovelace Health Syst., Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000).

Because Malek's instant Motion was made some three years after this Court issued its Order to Dismiss, and because reasons (4) and (5) of Rule 60(b) are clearly inapplicable, the only subsection applicable to the question at hand is subsection (6).

The Tenth Circuit Court of Appeals has strictly construed subsection (6), stating:

"Relief under Rule 60(b)[6] is extraordinary and may only be granted in exceptional circumstances."

*Bud Brooks Trucking, Inc. V. Bill Hodges Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990); *Omar-Muhammad v. Williams*, 484 F.3d 1262, 1264 (10th Cir. 2007). Moreover, the Tenth Circuit has not waivered from strict construction of subsection (6) concerning changes in the law by higher courts. This was first announced in *Collins v. City of Wichita, Kansas*, 254 F.2d 837, 839 (10th Cir. 1958):

"[I]n extraordinary situations, relief...may be had under Rule 60(b)(6), when such action is appropriate [to] accomplish justice...[a] change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance which justifies such relief."

The questions this Court must resolve are (1) whether the Supreme Court's decision in *Jones* has retroactive effect applicable to the instant Malek case, and (2) whether the facts or circumstances before this court present "extraordinary circumstances" which warrant reconsideration of this Court's prior May 11, 2004 Order. As will be more fully discussed hereinafter, the Supreme Court's decision in *Jones* does not apply retroactively to this case, and no extraordinary circumstances – including the decision in *Jones* –  are here presented.

Retroactivity of the Supreme Court's Decision in *Jones*

In recent years, the Supreme Court has said a great deal – yet told us very little –

4

regarding the retroactivity of its decisions as applied to prior civil decisions interpreting a federal statute. *See Harper*, 500 U.S. at 113 (O'Connor, J., dissenting).  Despite the current confusion regarding the doctrine of retroactivity, the High Court has made it clear that if a prior adjudicated case is no longer alive or pending when the Supreme Court hands down a decision, such a case does not qualify for retroactive application.  In this regard, Justice Thomas, writing for the plurality in *Harper*, explicitly stated that when the Supreme Court interprets a federal law in a case concerning the parties before it, as well as parties in other related pending cases,"that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases *still open on direct review.*"  *Id.* at 974 (emphasis added).

The case at bar does not qualify as a "case still open on direct review" as required by the plurality in *Harper*.  On his own accord, Malek has left his Complaint dormant for several years, despite his ability to have done otherwise.  Malek may not now assert, some three years later, that *Jones* should be read to resuscitate the very claims he has allowed to lay dead.  Under *Harper*, although *Jones* stands in opposition to the Tenth Circuit's interpretation in *Ross*, Malek's case does not qualify for the retroactive benefits described in *Jones* because the Malek case was no longer alive or pending as a related case so as to trigger retroactivity.

### Extraordinary Circumstances Under Rule 60(b)(6) – Changes in Law by Higher Court

Assuming without deciding that this Court could properly apply *Jones* retroactively to this case, the Tenth Circuit's holding in *Collins*, under the facts and circumstances here presented, would foreclose this Court under Rule 60(b)(6) of the Federal Rules of Civil Procedure from reconsidering its prior decision.  Petitioner Malek's failure to do anything at all to keep his case alive for over three years prior to the Supreme Court's decision in *Jones*, weighs

5

heavily against him.  He could have filed an appeal notice but didn't even bother to do that.  He could have taken action to exhaust his remedies in the claims not exhausted, or withdrawn those claims and proceeded in court as to the claims he had exhausted.  In any event, Tenth circuit precedent would foreclose the applicability of Rule 60(b)(6) in this case.  Under the circumstances of this case, this Court finds that petitioner Malek has not presented "extraordinary circumstances" which would justify reconsideration of this Court's prior Malek Dismissal Order or warrant Rule 60(b)(6) relief.  Further, this Court agrees with the proposition set forth by a sister District Court:

> "The judgment in this suit relied upon the 'total exhaustion rule.' A change in precedential law, especially when it is not retroactive, rarely constitutes an 'extraordinary circumstance' warranting Rule 60(b)(6) relief."[4]

CONCLUSION

Because Malek's case is not "still open on direct review" as required in order to qualify for retroactive application under *Harper*, and because Malek does not present "extraordinary circumstances" under Rule 60(b)(6) as interpreted by the Tenth Circuit in *Collins* and its progeny, this Court will not reconsider its prior Order dismissing without prejudice Malek's Complaint for failure to exhaust all of his claims.  This was in accordance with the then applicable "total exhaustion rule" as set forth by the Tenth Circuit in *Ross*.

Since Malek's case was dismissed without prejudice, he might still be able to proceed to litigate his administratively exhausted claims, or proceed administratively to exhaust his other claims, and then proceed to litigation – unless some claims would be time barred or that relief at this late date otherwise would be unavailable.

---

[4] *Edwards v. Burnett*, Slip Copy, 2007 WL 1768770 (E.D. Mich., June 15, 2007).

Based upon the foregoing, it is hereby **ORDERED**, that Malek's Motion for Reconsideration is **DENIED**.

DATED this 15th  day of August, 2007

BY THE COURT:

J. THOMAS GREENE
UNITED STATES DISTRICT JUDGE

7